UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REGGIE McFADDEN,

                          Plaintiff,

v.                                                9:12-CV-0685
                                                (GTS/CFH)

J. FRIEDMAN, Corr. Officer; Eastern Corr. Facility;
B. LEIFELD, Sergeant, Eastern Corr. Facility;
GEISLER, Corr. Officer, Eastern Corr. Facility;
FILKINS, Corr. Officer, Eastern Corr. Facility;
WILLIAM BROWN, Superintendent, Eastern Corr.
Facility; and BRIAN FISCHER, Comm'r, DOCCS,

                          Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

REGGIE MCFADDEN, 96-A-5179
  Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. ERIC T. SCHNEIDERMAN                    RYAN W. HICKEY, ESQ.
Attorney General for the State of New York           Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Reggie

McFadden ("Plaintiff") against the six above-captioned New York State correctional employees

("Defendants") pursuant to 42 U.S.C. § 1983, are Defendant's motion for summary judgment and

United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending

that the motion for summary judgment be granted. (Dkt. Nos. 66, 100.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendant's motion for summary judgment is granted.

I.   RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for the review of the parties, the Court will not summarize the claims and factual allegations asserted in Plaintiff's Amended Complaint, which are accurately recited in the Report-Recommendation. (Dkt. No. 100.) Nor will the Court summarize the findings and conclusions rendered in the Report-Recommendation, for the same reason; rather, the Court will respectfully refer the reader to the Report-Recommendation. (Dkt. No. 66.)

II.  STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected *and why*, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.") (emphasis added).

U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III. ANALYSIS

In his lengthy Objection to the Report-Recommendation, Plaintiff objects to virtually every finding and conclusion rendered by Magistrate Judge Hummel. (Dkt. No. 101.) The problem is that Plaintiff never states the *basis* for his objections. (*Id*.) As explained above in Part II of this Decision and Order, to lodge a specific objection (sufficient to trigger a *de novo* review), a litigant must not only identify the portion of the Report-Recommendation to which he or she has an objection but the *basis* for that objection.[5] As a result, only a clear-error review of the Report-Recommendation is required under the circumstances.

After carefully reviewing the relevant filings in this action, the Court can find no clear error in the thorough Report-Recommendation: Magistrate Judge Hummel employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 100.) To those reasons, the Court adds only three brief points.

First, regarding the findings rendered by Magistrate Judge Hummel on pages 16 and 17 of his Report-Recommendation, the Court notes that it rejects Plaintiff's personal-photographs argument on the alternative ground that any declaration testimony that Plaintiff offers to support his allegation that he possessed personal photographs (that were taken by Defendant Friedman) is at odds with both Defendant Friedman's testimony on the subject and the entirety of the record evidence, thus putting the Court in the inescapable position of having to make a credibility

---

[5] The Court notes that, on file in the correctional facility in which Plaintiff was incarcerated when he drafted his Objection are copies of the District's Local Rules of Practice and *Pro Se* Handbook, both of which explain this requirement. Furthermore, even if Plaintiff had a valid excuse for not reading those documents, a litigant's *pro se* status does not excuse him having to comply with a court's procedural rules. *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426-27 & n.4 (N.D.N.Y. 2009) (Suddaby, J.) (collecting cases).

determination, which it does, against Plaintiff based on the evidence.[6]

Second, regarding the findings rendered by Magistrate Judge Hummel on pages 19 through 22 of his Report-Recommendation, the Court concludes that the three injuries Plaintiff allegedly suffered are not substantial enough to constitute an adverse action for purposes of a First Amendment retaliation claim, regardless of whether the Court considers those injuries separately *or together,* which is the standard.[7]

---

[6] *See Jeffreys v. City of New York*, 426 F.3d 549, 554–55 (2d Cir. 2005) ("[I]n the rare circumstances where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether . . . there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account . . . . In the circumstances presented in the instant case-where (1) the District Court found nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony, and (2) the District Court, even after drawing all inferences in the light most favorable to the plaintiff, determined that no reasonable person could believe Jeffreys' testimony, . . . we hold that the District Court did not err by awarding summary judgment. Because no reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in the complaint, . . . conclude that summary judgment was appropriate.") [internal quotation marks and citations omitted]; *Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 42-46 (2d Cir.1986) (affirming grant of summary judgment to defendants in part because plaintiffs' deposition testimony regarding an alleged defect in a camera product line [1] was "unsupported by documentary or other concrete evidence," and indeed was contradicted by the other record evidence, and [2] was "conclusory" and "inconsistent" with plaintiffs' present representations); *Olle v. Columbia Univ.*, 332 F. Supp.2d 599, 612-15 (S.D.N.Y.2004) (finding that plaintiff's deposition testimony was insufficient evidence to oppose defendants' motion for summary judgment where that testimony [1] recounted specific allegedly sexist remarks that "were either unsupported by admissible evidence or benign," and [2] were inconsistent with plaintiff's other statements and claims), *aff'd*, 136 F. App'x 383 (2d Cir.2005) (unreported decision, cited not as precedential authority but merely to show the case's subsequent history, in accordance with Second Circuit Local Rule § 0.23).

[7] *See, e.g., Manon v. Pons*, 12-CV-7360, 2015 WL 5507759, at *8 (S.D.N.Y. Sept. 18, 2015) ("Even if every incident allegedly ascribable to Pons is not enough, in itself, to constitute an 'adverse action,' taken together the troubling harassment that Manon alleges would dissuade a person of reasonable firmness from voicing her complaints."); *Dabnet v. Maddock*, 10-CV-0519, 2011 WL 7429164, at *4 (N.D.N.Y. Nov. 29, 2011) (Peebles, M.J.) ("[W]hile in isolation potentially none of those allegations rises to a level sufficient to support a finding of adverse action, collectively they could suffice to constitute adverse action.").

Third, regarding the findings rendered by Magistrate Judge Hummel on page 20 of his Report-Recommendation, the Court acknowledges that, while it may make eminent sense to consider as a factor that Plaintiff indeed filed a grievance immediately after he allegedly suffered adverse action in deciding whether the adverse action would have chilled similarly situated inmates of ordinary firmness (the class of which presumably includes Plaintiff), it is not permissible to do so under Second Circuit precedent. *See, e.g., Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir.2004) ("[T]he objective test [that governs a First Amendment retaliation claim] applies even where a particular plaintiff was not himself subjectively deterred; that is, where he continued to file grievances and lawsuits."). However, the Court finds, for the other reasons stated by Magistrate Judge Hummel, that Plaintiff has failed to show that Defendant Friedman's alleged taking of his personal fan constituted adverse action for purposes of the First Amendment.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 100) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 66) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 38) is **DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk of the Court shall enter Judgment for Defendants and close this action.

Dated: September 23, 2015
       Syracuse, New York

                                       Hon. Glenn T. Suddaby
                                       Chief, U.S. District Judge